UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JEWEL FINANCE NETHERLANDS B.V.,
MANBALIQ CORP., MANBALIQ, S.A.,
CHASE FORBES TRUST, LTD.,
MURRY H. STARK, and V.I.P.
COMMERCE, INC.,

    Plaintiffs,

vs



CASE NO.: _____

ROYAL BANK OF CANADA, LEROY B.
MAJOR, BLOOMBERG, L.P., MOORE
STEPHENS INTERNATIONAL, LTD,
MOORE STEPHENS LOVELACE, P.A.,
MOORE STEPHENS BUTLER &
TAYLOR, B&T CORPORATE
MANAGERS, LTD., MICHAEL W.
TAYLOR, JOHN RAYMOND MACARI,
CENTURY CAPITAL, S.A.; JAMAR
ENTERPRISES, INC., SUMMIT
ENTERPRISES, INC., ROBERT L.
GORMAN, CHUCK CLARK, EURO-
SECURITIES & ASSETS, LTD.,
LAWRENCE E. SMITH, SR.,
LAWRENCE E. SMITH, JR., UBALDO
CAPOZZI, ALLFINA KAPITALANLAGEN, A.G.,
NORBERT KLEIN, ANDRE PESENTI,
HELMUT J. KOENIG, and I.B.I BANK A.G.
individually, jointly and severally,

    Defendants.
_____/



**DEFENDANT, MOORE STEPHENS LOVELACE, P.A.'S, NOTICE OF REMOVAL**

    COMES NOW Defendant, MOORE STEPHENS LOVELACE, P.A. (hereinafter referred to a "MSL"), by and through its undersigned counsel, pursuant to 28 U.S.C. § 1441, *et seq.*, and

28 U.S.C. § 1331, and hereby files this Notice of Removal and states as grounds:

I.   **Background.**

1.   On April 18, 2005, Plaintiffs filed their Complaint in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, against MSL, Royal Bank of Canada (hereinafter referred to as "RBC"); Leroy B. Major (hereinafter referred to as "Major"); Bloomberg, L.P. (hereinafter referred to as "BLP"); Moore Stephens International, LTD. (hereinafter referred to as "MSI"); Moore Stephens Butler & Taylor (hereinafter referred to as "MSB&T"); B&T Corporate Managers, LTD (hereinafter referred to as "B&T"); Michael W. Taylor (hereinafter referred to as "Taylor'); John Raymond Macari (hereinafter referred to as "Macari"); Century Capital, S.A. (hereinafter referred to as "Century"); Foxmoor Holdings, LTD, S.A. (hereinafter referred to as "Foxmoor"); Jamar Enterprises, Inc. (hereinafter referred to as "Jamar"); Summit Enterprises, Inc. (hereinafter referred to as "Summit"); Robert L. Gorman (hereinafter referred to as "Gorman"); and Charles "Chuck" A. Clark (hereinafter referred to as "Clark"), including Defendant MSL, requesting a Declaration of Plaintiffs' Rights, and alleging Breach of Contract, Fraud, Conspiracy to Defraud, Misappropriation of Trade Secrets, Conspiring to Misappropriate Trade Secrets and Violation of Florida's Rico Act.

2.   Plaintiffs' Complaint was served on MSL on May 2, 2005.

3.   On May 23, 2005, in response to Plaintiffs' Complaint, MSL filed the following with the Circuit Court for the Seventeenth Judicial Circuit: (1) *Defendant Moore Stephens Lovelace, P.A.'s Motion for Summary Judgment on Plaintiffs' Complaint for Declaration of Rights, Breach of Contract, Fraud, Conspiracy to Defraud, Misappropriation of Trade Secrets, Conspiracy to Misappropriate Trade Secrets, and Violation of Florida's RICO Act;* (2)

*Defendant Moore Stephens Lovelace, P.A.'s Motion to Dismiss Plaintiffs' Complaint for Declaration of Rights, Breach of Contract, Fraud, Conspiracy to Defraud, Misappropriation of Trade Secrets, Conspiracy to Misappropriate Trade Secrets, and Violation of Florida's RICO Act;* (3) *Defendant Moore Stephens Lovelace, P.A.'s Motion for Attorneys' Fees and Prejudgment Interest Pursuant to Florida Statute 57.105 as a Result of Plaintiffs' Failure to Act in Good Faith when Plaintiffs filed their Complaint Unsupported by Material Facts Necessary to Establish Any Claim against Defendant, Moore Stephens Lovelace, P.A.;* and (4) *Defendant Moore Stephens Lovelace P.A.'s Motion to Stay Plaintiffs' Claims Pending Arbitration.*

4. On June 16, 2005, MSL filed its *Motion for Sanctions* against Plaintiffs and Plaintiffs' counsel.

5. On June 21, 2005, Plaintiffs filed their Amended Complaint with the Circuit Court for the Seventeenth Judicial Circuit. The Amended Complaint included twelve (12) Federal Civil RICO claims against MSL, twelve (12) Florida RICO Act claims against MSL, three (3) fraud claims against MSL, three (3) conspiracy to defraud claims against MSL, three (3) misappropriation of trade secrets claims against MSL, and three (3) conspiracy to misappropriate trade secrets claims against MSL. Additionally, Plaintiffs added as Defendants, Euro-Securities & Assets, Ltd. (hereinafter referred to as "Euro-Securities"), Lawrence E. Smith, Sr. (hereinafter referred to as "Smith, Sr."), Lawrence E. Smith, Jr. (hereinafter referred to as "Smith, Jr."), Ubaldo Capozzi (hereinafter referred to as "Capozzi"), Allfina Kapitalanlagen, A.G. (hereinafter referred to as "Allfina"), Norbert Klein (hereinafter referred to as "Klein"), Andre Presenti (hereinafter referred to as "Presenti"), Helmut J. Koenig (hereinafter referred to as "Koenig"), and I.B.I. Bank, A.G. (hereinafter referred to as "I.B.I.").

6. On June 23, 2005, Plaintiffs filed their Amended Certificate of Service with the Circuit Court for the Seventeenth Judicial Circuit as a result of having neglected to attached certain exhibits to their Amended Complaint.

7. Plaintiffs served their Amended Complaint on MSL on June 21, 2005. Plaintiffs served their Amended Certificate of Service on MSL on June 23, 2005. Plaintiffs served both their Amended Complaint and Amended Certificate of Service on MSL by mail.

8. To date, there have been nine (9) documents filed in this case with the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida (a listing of all documents filed with the Circuit Court for the Seventeenth Judicial Circuit is attached hereto as Exhibit A.) These documents are attached hereto as exhibits B through J and are incorporated by reference pursuant to Rule 10(c), Federal Rules of Civil Procedure. No other pleadings and/or process have been filed in the state court action.

## II.   Federal Question Jurisdiction.

9. This Court has original jurisdiction of this action under the provision of 28 U.S.C. § 1331. 28 U.S.C. § 1331, Federal Question, states that district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. This action is one that may be removed to this Court by MSL pursuant to the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1441, in that it is a civil action based in part upon claims arising under the laws of the United States. This removal is timely under the provisions of 28 U.S.C. § 1446(b) in that less than thirty (30) days have passed since MSL received Plaintiffs' Amended Complaint.

10. Pursuant to Plaintiffs' allegations and specifically counts I through XII of

4

Plaintiffs' Amended Complaint, in which Plaintiffs allege violations by MSL of the Federal RICO Act, 18 U.S.C. 1962(a), 18 U.S.C. 1962(b), 18 U.S.C. 1962(c), and 18 U.S.C. 1962(d), this Court has jurisdiction.

11. As twelve (12) of the thirty six (36) claims alleged in Plaintiffs' Amended Complaint allege federal claims against MSL, satisfying the requirements for original jurisdiction, this action is removable to this Court.

12. Additionally, the twenty-four (24) remaining claims are removable pursuant to 28 U.S.C. § 1441(c). Section 1441(c) states, in pertinent part, as follows:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [28] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Title 28 U.S.C. § 1441(c).

13. Therefore, the entire action is removable to this Court.

14. Venue is proper in the Southern District of Florida in that the Circuit Court action is pending within the jurisdictional confines of this District. *See* 28 U.S.C. 1446(a).

15. *Federal Practice and Procedure*, Wright, Miller & Cooper, notes that a federal district court may consider both the complaint and the petition for removal in determining the propriety of removal. Indeed, the failure to consider the petition for removal would deprive MSL of its statutory right to remove. Section 3734 of *Federal Practice and Procedure* states:

> Fortunately, in practice, the federal courts usually do not limit their inquiry to the face of plaintiff's complaint, but rather consider the facts disclosed on the record of the case as a whole in determining the propriety of removal. Section 1446(b) [of 28 U.S.C.] makes it clear that this practice is correct. The passage in the second paragraph of that provision to the effect that a previously unremovable case may be removed by filing a notice of removal within thirty days of receipt of an "amended pleading, motion, order or other paper" from which it first appears that the case is removable demonstrates that any of the referred to papers may be considered in determining removabilty of a case, and it has been so held. And there is no reason to believe that Congress intended to permit the districts courts to look beyond the complaint in connection with the renewed removal right provided for in the second paragraph of Section 1446(b) but not during the initial removal period provided for in the final paragraph of that provision. Moreover, there would be little point in requiring the notice of removal to contain a "short and plain statement" of the grounds for removal, if the federal court could not look to that statement to inform itself of the propriety of removal.

14C Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction and Related Matters* § 3734.

16. MSL has not waived its right to removal by filing the motions listed in paragraph no. 2 *supra*. The law is well-settled in this District that "[w]aiver will not occur by defensive action in the state court short of proceeding to an adjudication on the merits." *Miami Herald Publishing Co. v. Ferre*, 606 F. Supp. 122, 124 (S.D. Fla. 1984). This Court noted that "although waiver of the right of removal is possible, 'the defendant's intent (to waive) must be clear and unequivocal.[']" *Id.* This Court explained that "the Federal Rules of Civil Procedure contemplate an answer in state court before removal to federal court. Rule 81(c) provides that in actions removed to federal court repleading is not necessary unless the court so orders. In a removed action in which the defendant had not answered, he shall answer...within 20 days." *Id.* Additionally, it would not have been possible for MSL to have waived its right to remove this case to federal court as a result of filing motions addressing the original Complaint. Plaintiffs included their Federal RICO claims in their Amended Complaint for the first time.

17.     It is well established in this jurisdiction that "the joinder requirement of section 1446 is satisfied where one defendant files a singular removal petition, if all defendants served on or before the filing of that petition thereafter timely file either their own removal petitions or their joinder in *or consents to the original petition.*" *Miami Herald Publishing Co. v. Ferre*, 606 F. Supp. 122, 124 (S.D. Fla. 1984) The Amended Complaint's certificate of service reflects that it was served on June 21, 2005. The Certificate of Service was amended to read June 23, 2005.

18.     Moreover, only those defendants who are properly served and joined are required to join the petition for removal. *Wesley v. Mississippi Transportation Commission*, 857 F.Supp. 523 (S.D. Miss. 1994). MSL is aware that certain Defendants have not been served and, thus, are not required to join the petition for removal.

19.     Written notice of the filing of this Notice of Removal has been served on the Plaintiffs, and a copy of this Notice will be filed with the Clerk of the Circuit Court in and for Broward County, Florida, pursuant to 28 U.S.C. § 1446(d). (A true and correct copy of Defendant MSL's Notice of Filing Notice of Removal is attached hereto as Exhibit K.)

**WHEREFORE**, Defendant MSL requests that further proceedings in the in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, be discontinued and that the action be removed to the United States District Court for the Southern District of Florida. 28 U.S.C. § 1446.

Respectfully submitted this 11th day of July, 2005.

*[signature]*

BERNARD H. DEMPSEY, JR.
Florida Bar No.: 107697
CHRISTOPHER A. PACE
Florida Bar No.: 676721
Dempsey & Associates, P.A.
Mercantile Bank Plaza
1560 Orange Avenue, Suite 200
Winter Park, Florida 32789
Telephone: (407) 422-5166
Facsimile: (407) 422-8556
Attorneys for Defendant
Moore Stephens Lovelace, P.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via United States mail without exhibits[1] this 11th day of July, 2005, to Owen Bailey, Esquire, Bailey & Dawes, LC, Continental Plaza, Suite 100, 3250 Mary Street, Miami, Florida 33133, Nicolas Swerdloff, Esquire, Hughes, Hubbard & Reed, LLP, 201 South Biscayne Blvd., Miami, Florida 33131-4332, Daniel B. Rosenthal, Esquire, Quarles & Brady, LLP, One Lincoln Place, 1900 Glades Road, Suite 355, Boca Raton, Florida 33431, Kenneth C. Sundheim, Esquire, Kenneth C. Sundheim, P.A., 955 S. Federal Highway, Suite 201, Stuart, Florida 34994, Mark C. Green, Esquire, Fowler, White, Boggs, Banker, P.A., 501 Kennedy Blvd., Suite 1700, Tampa, Florida 33602.

_____
Attorney

---

[1] Because of the volume of the exhibits listed in Exhibit A to this Notice of Removal, the documents have not been attached to copies of the Notice of Removal provided to counsel listed in this Certificate of Service. If any party wishes to be provided all documents listed in Exhibit A, any party may contact Dempsey & Associates, P.A., and request a copy, which will then be provided to that party.

05-61128 ...OKE

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JEWEL FINANCE NETHERLANDS B.V.; MANBALIQ CORP.; MANBALIQ, S.A.; CHASE FORBES TRUST, LTD.; MURRY H. STARK; and V.I.P. COMMERCE, INC.

**DEFENDANTS**
ROYAL BANK OF CANADA; LEROY B. MAJOR; LOOMBERG, L.P.; MOORE STEPHENS INTERNATIONAL, LTD; MOORE STEPHENS LOVELACE, P.A.; (See attachment)

(b) County of Residence of First Listed Plaintiff: Broward County, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Broward County, Florida
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number):
Bailey & Dawes, LC
Continental Plaza, Suite 100
3250 Mary Street, Coconut Grove, Florida 33133
(305) 374-5505

Attorneys (If Known):
Dempsey & Associates, P.A.
1560 Orange Avenue, Suite 200, Orlando, Florida 32789
(407) 422-5166

(d) Check County Where Action Arose: ☐ DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

## IV. NATURE OF SUIT (Place an "X" in One Box Only)
☒ 470 Racketeer Influenced and Corrupt Organizations

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ excess of 75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 07/11/2005
SIGNATURE OF ATTORNEY OF RECORD: Christopher A. B___

**FOR OFFICE USE ONLY**
RECEIPT # 54676  AMOUNT $250  07/11/05  APPLYING IFP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# CASE NO. 05cv61128 DE#1

☐ **DUE TO POOR QUALITY, THE ATTACHED DOCUMENT IS NOT SCANNED**

_____

# ATTACHMENT(S) NOT SCANNED

☐ VOLUMINOUS (exceeds 999 pages = 4 inches)
☐ BOUND EXTRADITION PAPERS
☐ ADMINISTRATIVE RECORD (Social Security)
☐ ORIGINAL BANKRUPTCY TRANSCRIPT
☐ STATE COURT RECORD (Habeas Cases)
☐ SOUTHERN DISTRICT TRANSCRIPTS
☐ LEGAL SIZE
☐ DOUBLE SIDED
☐ PHOTOGRAPHS
☒ POOR QUALITY (e.g. light print, dark print, etc.)
☐ SURETY BOND (original or letter of undertaking)
☐ CD's, DVD's, VHS Tapes, Cassette Tapes
☐ OTHER = _____

**PLEASE REFER TO COURT FILE**